IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No: 4:17-CV-00025-BR

| | |
|---|---|
| HATTERAS/CABO YACHTS, LLC, a foreign limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| M/Y EPIC (Official Number 747618, HIN: US-HATHR3021617), her engines, boilers, tackle, apparel etc., in rem, and ACQUAVIVA LTD., a foreign company, | ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on Hatteras/Cabo Yachts, LLC's ("Hatteras") motion to dismiss M/Y Epic (Official Number 747618, HIN: US-HATHR3021617), her engines, boilers, tackle, apparel, etc. ("Vessel No. 2"), *in rem*, and Acquaviva's Ltd.'s (collectively "Acquaviva" unless otherwise indicated), *in personam*, counterclaim as well as motion for more definite statement, (DE # 42); Daniel Spisso's motion to intervene, (DE # 44), and motion to amend his motion to intervene by interlineation, (DE # 49); along with Acquaviva's motion for joinder, (DE # 46). These motions have been fully briefed and are ripe for disposition.

I. BACKGROUND

This action arises out of disputes regarding two yachts manufactured by Hatteras, an entity owned by Brunswick Corporation ("Brunswick") until August 2013, and since by Versa Capital Management, LLC ("Versa Capital"). (DE # 30, at 25, 27; DE # 43, at 3.) Spisso, Acquaviva's agent, entered into a sales contract for the construction of the first yacht, a model GT63 ("Vessel No. 1"), on or about 12 December 2012. (DE # 30, at 25, 30; DE # 43, at 3.) In

December 2014, Spisso filed suit in the Southern District of Florida, Case No. 1:14-cv-24616-FAM, alleging breach of contract, breach of warranties, violation of the Magnuson-Moss Warranty Act, and seeking rescission, revocation, and damages arising from the purchase of Vessel No. 1. (DE # 30, at 36; DE # 43, at 4.) On 8 April 2015, Spisso entered into a settlement agreement with Hatteras, Brunswick, and others, which purported to resolve the litigation surrounding Vessel No. 1 and constituted a purchase/sale of Vessel No. 2. (DE #30, at 36; DE # 43, at 4; Def.'s Am. Countercl. (DE # 44-1) Ex. 3 at 81.)

On 17 September 2016, the day after Spisso arrived to take possession of Vessel No. 2, the vessel caught fire with him and guests onboard, resulting in smoke damage to the vessel. (DE # 1, at 2; DE # 30, at 40–41.) Thereafter, Vessel No. 2 was returned to shore where Hatteras took custody of it. (DE # 1, at 2–3; DE # 30, at 43.) Hatteras offered to repair the damage to the vessel while it remained in Hatteras' custody. (DE # 1, at 3; DE # 30, at 44.) Spisso did not authorize Hatteras to complete the repairs, and Hatteras insisted that he retake possession of the vessel. (DE # 1, at 3; DE # 30, at 45.) Hatteras notified Spisso that expenses for necessaries were accruing while the vessel remained in its possession. (DE 1, at 3; DE # 30, at 47.) Spisso alleges that Hatteras refused to allow him to properly inspect the vessel and otherwise acted inconsistently with his purported ownership. (DE # 30, at 45–47.) Ultimately, the vessel remained at Hatteras' dock until Spisso took retook possession of the vessel in February 2017. (DE # 1, at 3; DE # 30, at 48.) During that five month period, Hatteras alleges that the costs associated with the provision of necessaries totaled $24,340.52. (DE # 1, at 4.)

Hatteras commenced this action against Vessel No. 2, *in rem*, and Acquaviva, *in personam*, on 2 March 2017. On 4 June 2018, the court denied Acquaviva's motion to dismiss. (DE # 29.) Acquaviva counterclaimed on 18 June 2018, alleging violations of the Magnuson-

Moss Warranty Act, violations of the Uniform Commercial Code, violations of North Carolina's Unfair and Deceptive Trade Practices Act, negligence, breach of contract, and unjust enrichment relating to Vessel No. 2. (DE # 30, at 49–58.) Acquaviva also alleges that "Hatteras's negligent damaging of Vessel No. 2" breached the settlement agreement reached as to Vessel No. 1 and therefore rescinds the releases contained therein. (DE # 30, at 42.) Thus, Acquaviva's claims and damages relate to Vessel No. 1, in addition to Vessel No. 2. On 24 August 2018, Hatteras moved to dismiss the counterclaim and sought a more definite statement. (DE # 42.) Thereafter, Spisso filed a motion to intervene as defendant and counterclaim plaintiff and attached an amended counterclaim on behalf of himself and Acquaviva. (DE # 44; DE # 44-1.) Acquaviva also moved to join Brunswick and Versa Capital as counterclaim defendants. (DE # 46.)

## II.    DISCUSSION

### A. Spisso's Motion to Amend his Motion to Intervene

On 24 August 2018, Spisso filed a motion to intervene as defendant and counterclaim plaintiff, which he represented was unopposed by Hatteras. (DE # 44.) On 27 September 2018, Spisso filed a motion to amend his motion to intervene, by interlineation, in order to reflect that Hatteras actually did not consent to the motion. (DE # 49.) Hatteras does not oppose the amendment to the motion to intervene and in fact, urged Spisso to file the amendment. (See DE # 53-1.) This being the only change made to the motion to intervene, the court finds it is appropriate to allow the amendment in order to accurately reflect Hatteras' position on the motion.

### B. Spisso's Motion to Intervene (As Amended) and file Amended Counterclaim

Spisso moves to intervene as defendant and counterclaim plaintiff alongside Acquaviva, and to file an amended counterclaim. (Am. Mot. to Intervene, DE # 50-2; Am. Countercl. DE #

3

44-1.) Although Hatteras contends Spisso's intervention is untimely, "[it] does not oppose the addition of Daniel Spisso as a party to this litigation but only on the terms originally agreed upon" by the parties. (DE # 53, at 2–3.) "However, Hatteras does object and opposes the addition of the three (3) new claims against Hatteras . . . ." (Id.) Thus, Hatteras requests that the court deny Spisso's motion to intervene as to proposed counts 11, 12, and 13 of the amended counterclaim. (Id. at 8.) It appears the true nature of Hatteras' objections relate to the addition of the new claims, not the addition of Spisso as a party. As such, Spisso's motion to intervene, as amended, will be allowed.

Attached to Spisso's motion to intervene is Acquaviva's and Spisso's joint amended counterclaim against Hatteras. (DE # 44-1.) Hatteras contends the amendment is untimely pursuant to the court's scheduling order, (DE # 36), while Acquaviva and Spisso maintain the scheduling order authorizes amendment to the same extent as Rule 15(a) of the Federal Rules of Civil Procedure. (DE # 53, at 3; DE # 56, at 10.) In pertinent part, the scheduling order provides:

> 5. Amendment of Pleadings and Addition of Parties
>
>   a. Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.
>
>   b. The Plaintiff shall file a motion to amend the pleadings or join additional parties no later than Monday, August 13, 2018.
>
>   c. The Defendant shall file a motion to amend the pleadings or join additional parties no later than Monday, August 27, 2018.

(DE # 36, at 2.) Thus, the scheduling order does not require leave of court if amendment is permitted under Rule 15(a). Rule 15(a) allows one amendment as a matter of course within twenty-one days after serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

4

motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, Hatteras filed its motion to dismiss Acquaviva's original counterclaim and motion for more definite statement ("Rule 12 Motions") on 24 August 2018. (DE # 42.) Thus, Rule 15(a) allowed amendment, without leave, through 14 September 2018. Defendants filed their amended counterclaim on 11 September 2018, within the timeframe allowed by Rule 15(a).

Although Hatteras contends good cause is required to amend the counterclaim, it fails to suggest any prejudice would result from the amendment. To the contrary, it appears Hatteras was on notice of the claims alleged in the amended counterclaim, with the exception of count 12 for abuse of process. (See DE # 56, at 17–18.) The amended counterclaim is responsive to Hatteras' Rule 12 Motions and technically within the timeframe provided in Rule 15(a). As such, amendment is permissible, and the amended counterclaim is deemed filed as of 11 September 2018. Because the amended counterclaim supersedes the original counterclaim, see BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 474 (4th Cir. 2018), Hatteras' motion to dismiss the original counterclaim (and contemporaneous motion for more definite statement) is moot.

**C. Acquaviva's Motion for Joinder of Brunswick and Versa Capital**

Acquaviva moves, pursuant to Rule 20(a)(2), for joinder of Brunswick and Versa Capital as counterclaim defendants alongside Hatteras. (DE # 46.) Rule 20 allows joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Pro. 20(a)(2). This rule provides trial courts "wide discretion" in joining parties and "should be construed in light of its purpose, which 'is to promote trial convenience and expedite

the final determination of disputes, thereby preventing multiple lawsuits.'" Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting Saval v. BL, Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983)). Thus, the transaction or occurrence test of this rule permits all "reasonably related claims . . . to be tried in a single proceeding." Saval, 710 F.2d at 1031. If, however, the court determines the addition of the party will not foster the objectives of Rule 20, "'but will result in prejudice, expense, or delay,'" joinder may be properly denied. Galeas v. United States, No. 5:14-CT-3164-F, 2015 U.S. Dist. LEXIS 191699, at *6 (E.D.N.C. Jan. 30, 2015) (quoting Sykes v. Bayer Pharms. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008)).

Here, in its original and amended counterclaim, Acquaviva alleges Hatteras, Brunswick, and Versa Capital ("Hatteras Entities") were involved in the sale, manufacturing, and/or delivery of the vessels at issue. (See, e.g., DE # 30, at 25–28; DE # 44-1, at 2–7.) Acquaviva further alleges that Spisso contracted directly with Brunswick for the purchase of Vessel No. 1, and that representatives of Brunswick and Versa Capital held themselves out as representatives of Hatteras and vice versa. (DE # 30, at 27–30.) It is undisputed that Brunswick owned Hatteras until August 2013, when it sold Hatteras to Versa Capital. (Id. at 27; DE # 54, at 3–4.) All of Acquaviva's claims against these entities arise from the sale, manufacturing, and delivery of Vessel No. 1 and Vessel No. 2. (See DE # 30; DE # 44-1.) The manufacturing of these two vessels arose from an interconnected series of transactions and questions of fact arising in this action will be common to all counterclaim defendants.

Hatteras contends Acquaviva's motion for joinder is procedurally defective and requests that it be denied. (DE # 54, at 7.) Hatteras argues that Acquaviva's Rule 20 motion fails to state a basis for liability against Brunswick and Versa Capital. (DE # 54, at 2.) However, Hatteras concedes that the denial of the Rule 20 motion "can be without prejudice to permit Acquaviva to

6

file a proposed Amended Counterclaim . . . which satisfy[ies] *Twombly* pleading standards."[1] (DE # 54, at 7.) Thus, Hatteras challenges the sufficiency of the pleadings but not the propriety of the joinder of the two entities. Hatteras fails to allege any potential prejudice or delay that would result from the joinder of the entities. Given the court's discretion and Hatteras' admission that Acquaviva could properly file an amended counterclaim against the proposed defendants, in the interest of efficiency, Acquaviva's motion to join Brunswick and Versa Capital as counterclaim defendants will be allowed.

### III. CONCLUSION

Spisso's motion to amend his motion to intervene by interlineation, (DE # 49), is ALLOWED. Spisso's motion to intervene, as amended (DE ## 44, 50-2), is ALLOWED. Hatteras' motion to dismiss the original counterclaim (and contemporaneous motion for more definite statement), (DE # 42), is DENIED. Hatteras shall have thirty (30) days from the date of this order to file any pleadings or motions responsive to the amended counterclaim. Aquaviva's motion to join Brunswick and Versa Capital as counterclaim defendants, (DE # 46), is ALLOWED.

This 10 January 2019.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Acquaviva actually filed an amended counterclaim on 11 September 2018. (DE # 44-1.)