IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-cv-00025-BR

HATTERAS/CABO YACHTS, LLC,
a foreign limited liability company,

       Plaintiff,

M/Y EPIC (Official Number 747618,
HIN: US-HATHR3021617), her engines,
boilers, tackle, apparel etc., *in rem*,

       Defendant,

and

ACQUAVIVA LTD., a foreign company, and
DANIEL SPISSO,

       Counterclaim Plaintiff,

v.

HATTERAS/CABO YACHTS, LLC, a
Delaware limited liability company,
VERSA CAPITAL MANAGEMENT, LLC
and BRUNSWICK CORPORATION,

       Counterclaim Defendants.

ORDER

This matter is before the court on Hatteras/Cabo Yachts, LLC ("Hatteras"), Versa Capital

Management, LLC ("Versa") and Brunswick Corporation's ("Brunswick") (collectively

"counterclaim defendants") motion for attorneys' fees.  (DE # 253.)  Acquaviva Ltd.

("Acquaviva") and Daniel Spisso ("Spisso") (collectively "counterclaim plaintiffs") filed a

response in opposition, (DE # 260), to which the counterclaim defendants filed a reply, (DE #

261).  Also before the court is Brunswick's renewed motion for entry of final judgment, (DE # 270), to which counterclaim plaintiffs filed a response, (DE # 276).

## I. BACKGROUND

On 3 March 2017, Hatteras initiated this action against the M/Y Epic, in rem, and Acquaviva to recover for maritime necessaries.  (DE # 1.)  Acquaviva counterclaimed on 18 June 2018.  (DE # 30.)  Thereafter, the court allowed Spisso to intervene and join Brunswick and Versa as counterclaim defendants.  (DE # 57.)  The court also allowed Spisso and Aquaviva to file an amended counterclaim against the counterclaim defendants.  (Id.)  The amended counterclaim sought damages, in part, for alleged unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, et seq. ("UDTPA").  (See DE # 44-1.)  On 6 November 2019, the court denied counterclaim defendants' motions to dismiss the amended counterclaim.  (See DE # 98.) Counterclaim plaintiffs then amended the counterclaim a second time.  (DE # 99.)  On 28 September 2020, the court granted Brunswick's motion for summary judgment on all claims against it, including the UDTPA claim.  (DE # 189, at 16.)  The court also granted Hatteras's and Versa's motions for summary judgment on the UDTPA claim as it related to Vessel No. 1, but allowed the claim to proceed as it related to Vessel No. 2.  (Id. at 16.)

A non-jury trial was conducted before the undersigned beginning on 9 June 2021 and concluding on 14 June 2021.  At the conclusion of counterclaim plaintiffs' evidence, the court granted Hatteras and Versa's Rule 52(c) motion on numerous claims, including the UDTPA claim.  (See Tr., DE # 266, at 158.)  By written order dated 28 September 2021, the court resolved all remaining claims in favor of Hatteras and Versa.  On 29 October 2021, Spisso, Acquaviva, and M/Y Epic appealed.[1]  (DE # 274.)

_____

[1] While a notice of appeal generally divests the district court of jurisdiction over a case, an exception exists to allow district courts to resolve issues collateral to the main cause of action.  Co. Doe v. Pub. Citizen, 749 F.3d 246, 258

## II. DISCUSSION

**A. Counterclaim defendants' motion for attorneys' fees**

Counterclaim defendants seek to recover attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1(2). (DE # 254, at 4.) They argue the court should exercise its discretion to award attorneys' fees because counterclaim plaintiffs "knew or should have known that their UDTPA claim lacked a reasonable evidentiary and legal basis." (Id. at 6.) Counterclaim defendants argue counterclaim plaintiffs failed to offer evidence in support of the UDTPA claim at trial and failed to offer argument in support of the claim in defending the Rule 52(c) motion. (Id. at 10.)

Counterclaim plaintiffs contend they did offer evidence in support of their UDTPA claim—namely, that Hatteras sought to make an insurance claim on a policy it did not own, that Hatteras limited access to the vessel and allowed unauthorized repairs thereto, and that Hatteras initiated a wrongful arrest of the vessel. (DE # 260, at 7–8.) They also argue that the mere fact that the claim was not successful does not warrant an award of attorneys' fees. (Id. at 8.)

Pursuant to N.C. Gen. Stat. § 75-16.1, if the defendant of a UDTPA claim prevails, "the presiding judge may, in his discretion, allow a reasonable attorney fee" to the attorney representing the prevailing party upon a finding that "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1(2). "A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support [of] it. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." West Franklin Pres. Ltd. P'ship v. Nurtur N.C., LLC, No. 1:14-cv-266, 2016 U.S. Dist. LEXIS 69714, at *16–17 (E.D.N.C. May 27, 2016) (quoting

---

(4th Cir. 2014). "This collateral-issue exception applies to motions for attorneys' fees." Dahl v. Aero. Employees' Ret. Plan of the Aero. Corp., No. 1:15-cv-611, 2015 U.S. Dist. LEXIS 161814, at * (E.D. Va. Dec. 1, 2015) (citing Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987)).

Blyth v. McCrary, 646 S.E.2d 813, 819 n.5 (N.C. Ct. App. 2007) (citations, quotation marks, and

alterations omitted)).  The fact that a claim was ultimately deemed legally insufficient does not

"necessarily mean that it was also frivolous and malicious."  Basnight v. Diamond Developers,

Inc., 178 F. Supp. 2d 589, 593 (M.D.N.C. 2001).  "Even where the facts of a particular case will

support a finding that the requirements of N.C. Gen. Stat. § 75-16.1 have been met and an award

of attorney's fees may be warranted, the [c]ourt retains the discretion to deny the award."  Id. at

592 (citation omitted).

Here, although ultimately deemed legally insufficient, counterclaim plaintiffs' UDTPA

claims survived—at least in part—a motion to dismiss and one for summary judgment.  While

counterclaim defendants argue Spisso and Acquaviva abandoned the claim at trial, Spisso and

Acquaviva contend evidence that Hatteras sought to make an insurance claim on their policy,

exercised control over the vessel, and sought an arrest of the vessel all supports their UDTPA

claim.  (See DE # 260, at 7–8.)  The court agrees counterclaim plaintiffs made efforts to

introduce such evidence at trial.  On the evidence presented, the court cannot conclude that

counterclaim plaintiffs knew or should have known the UDTPA claims were frivolous and

malicious.  As such, counterclaim defendants' motion for attorneys' fees, (DE # 253), will be

denied.

**B. Brunswick's renewed motion for final judgment**

Brunswick seeks entry of final judgment[2] in its favor, asserting that neither the court's

final order nor the Clerk's judgment explicitly enter judgment in its favor.  (DE # 270, at 2.)  In

response, counterclaim plaintiffs contend the motion should be denied because it is superfluous.

(DE # 276.)

---

[2] Although Brunswick seeks "final judgment," citing Rule 58(d), separate judgment has already been entered in this case.  As such, the court construes Brunswick's motion as one to alter or amend the judgment.

4

As Brunswick acknowledged, the court granted its motion for summary judgment and dismissed it from this action on 28 September 2020.  (DE # 189, at 53.)  The judgment reiterated "counterclaim defendant Brunswick Corporation's motion for summary judgment (DE # 116) is granted and the counterclaims against Brunswick Corporation are dismissed."  (DE # 269, at 1.)  The judgment also ordered, "Counterclaim plaintiffs Daniel Spisso and Acquaviva Ltd. shall have and recover nothing."  (Id. at 2.)  This judgment was intended to and does apply to Brunswick.  As such, final judgment has been entered in favor of Brunswick on all claims and its motion for judgment will be denied.

### III. CONCLUSION

Counterclaim defendants' motion for attorneys' fees, (DE # 253), is DENIED. Brunswick's renewed motion for judgment, (DE # 270), is DENIED.

This 9 December 2021.

_____

W. Earl Britt
Senior U.S. District Judge